United States District Court
Southern District of Texas
**ENTERED**
April 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHORN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAZARO PONCE ESCOBAR, § § *Plaintiff,* § § v. § § DUKE REALTY CORPORATION AND JOLLY § ROOFING AND CONTRACTING CO., INC § § *Defendant.* § | CIVIL ACTION H-20-4124 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Duke Realty Corporation and Jolly Roofing and Contracting Co., Inc's ("Duke") opposed objection to and motion to strike plaintiff Escobar's Texas Civil Practice and Remedies Code § 18.001 affidavits. Dkt. 14. Escobar responded. Dkt. 19. Duke replied. Dkt. 21. Having considered the motion, the response, the reply, and the applicable law, the court finds that Duke's motion to strike should be GRANTED.

### I. BACKGROUND

On June 20, 2020, Escobar, a welder, was working at a construction site where Duke employees were contracted to perform roofing and other work. Dkt. 17. Duke employees allegedly dropped a heavy roll of insulation onto Escobar's head, which caused severe injuries. *Id.* Escobar originally filed suit in the 157th Judicial District Court of Harris County, Texas. Dkt. 1. Duke removed the case based on diversity jurisdiction. *Id.* The parties began discovery, and on February 18, 2021, Escobar filed a notice of filing affidavits pursuant to Texas Civil Practice and Remedies Code § 18.001. Dkt. 12. On March 12, 2021, Duke moved to strike the affidavits. Dkt. 14. Escobar responded on April 2, 2021. Dkt. 19. Duke replied on April 7, 2021. Dkt. 21. The motion is ripe for disposition.

## II. Analysis

Section 18.001(b) of the Texas Civil Practice and Remedies Code "pertains to an efficient method of proof regarding the reasonableness and necessity of medical expenses, particularly with respect to personal injury litigants." *Brown v. Burlington Coat Factory of Tex. Inc.*, No. 4:20-CV-01370, 2021 WL 520573, at *1 (S.D. Tex. Jan. 28, 2021) (Eskridge, J.). Section 18.001(b) states:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

Tex. Civ. Prac. & Rem. Code § 18.001(b).

Duke moves to strike Escobar's § 18.001 affidavits because Duke contends that § 18.001 is inapplicable in federal court. Dkt. 14. Duke notes that federal courts with diversity jurisdiction must apply federal procedural law and posits that § 18.001 is procedural—not substantive. *Id.* Escobar contends that § 18.001 is substantive and argues that the court should deny Duke's motion because, "[w]hen a state evidentiary rule is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law." Dkt. 19.

Under the *Erie* doctrine, a federal court sitting in diversity must apply state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938). "Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law." *Gasperini v. Ctr. for*

2

*Humanities, Inc.*, 518 U.S. 415, 426, 116 S. Ct. 2211 (1996).  "Classification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Id.* at 427.

The Fifth Circuit has not addressed the question of whether § 18.001 is substantive or procedural.  The applicability of § 18.001 in federal court was first addressed in *Rahimi v. United States*, 474 F. Supp. 2d 825 (N.D. Tex. 2006).  The court conducted an *Erie* analysis because the Texas Supreme Court had never addressed the issue. *Id.* at 827 n.2.  It held that § 18.001 was "so bound up or intertwined" with the plaintiff's "substantive rights" that the court should "apply the state law to avoid an inequitable administration of the law." *Id.* at 829.  However, five years later, the Texas Supreme Court addressed the issue and noted that § 18.001 was "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).  In *Gunn*, the Texas Supreme Court reiterated that § 18.001 is "'purely procedural.'" *Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018) (citing *Haygood*, 356 S.W.3d at 397–98).

Escobar does not address *Haywood* or *Gunn* in his response but urges the court to follow *Rahimi* and other district court cases in which courts have held that § 18.001 is substantive, several of which predate the Texas Supreme Court's pronouncements as to the procedural nature of § 18.001.  Dkt. 19.  Notably, even after *Haywood* and *Gunn*, federal district courts in Texas have split on the issue of whether § 18.001 is procedural or substantive, but a majority have held that § 18.001 is procedural and inapplicable in federal court. *Compare e.g.*, *Vidal v. Kroger Tex., LP*, No. 3:20-CV-1541-G-BH, 2021 WL 779076, at *3 (N.D. Tex. Feb. 26, 2021) (procedural); *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *2 (N.D. Tex. Oct. 20, 2020) (same); *Miley v. MMM Freight Corp.*, No. 619CV00285ADAJCM, 2020 WL 5468828, at *3 (W.D. Tex. June 10, 2020) (same); *Davila v. Kroger Tex., LP*, No. 3:19-CV-2467-N, 2020 WL

3

2331079, at *3 (N.D. Tex. May 8, 2020) (same); *Islas v. United States*, No. SA-19-CV-322-XR, 2020 WL 7683288, at *5 (W.D. Tex. Apr. 16, 2020) (same); *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *2 (W.D. Tex. Apr. 3, 2020) (same); *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (same), *and Holland v. United States*, No. 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) (same), *with, e.g.*, *Vansill v. Dollar Tree Stores, Inc.*, No. 4:19-CV-612-SDJ-KPJ, 2021 WL 860457, at *5 (E.D. Tex. Feb. 18, 2021) (substantive); *Peals v. QuikTrip Corp.*, No. 4:20-CV-022-KPJ, 2021 WL 302547, at *5 (E.D. Tex. Jan. 6, 2021) (same); *Hutchison v. Gateway Ins. Co.*, No. 5-19-CV-01027-RBF, 2020 WL 7698819, at *2 (W.D. Tex. Jan. 2, 2020) (same); *Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-580, 2019 WL 6492585, at *7 (E.D. Tex. Dec. 2, 2019) (same); *Cueva v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-00324-OLG, 2019 WL 10302147, at *2 (W.D. Tex. Oct. 22, 2019) (same), *and Grover v. Gov't Emps. Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019) (same). Moreover, courts in this district have repeatedly held that § 18.001 is procedural. *See Brown*, 2021 WL 520573, at *2 (procedural); *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-CV-00299, 2020 WL 4333558, at *7 (S.D. Tex. July 28, 2020) (Alvarez, J.) (procedural); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Atlas, J.) (procedural).

The court finds the reasoning employed in *Brown* and *Baird* persuasive. In *Brown*, the court discussed the *Erie* inquiry generally but noted that the United States Supreme Court "instructs that 'federal courts in diversity cases must respect the definition of state-created rights and obligations by the state courts.'" *Brown*, 2021 WL 520573, at *2 (quoting *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 535, 78 S. Ct. 893). The court reasoned that the Fifth Circuit has held in other contexts that pronouncements by the highest court in Texas are dispositive

4

as to the construction of Texas law; accordingly, it held that it was "most appropriate to simply abide by the admonition of the Texas Supreme Court" that § 18.001 is procedural. *Id.* at *2.

Likewise, in *Baird,* the court reasoned that "[t]he Texas Supreme Court has repeatedly stated that § 18.001 is purely procedural, and thus it is not necessary to address the twin aims of the *Erie* doctrine." *Baird*, 2019 WL 2286084, at *2. The court noted that the *Rahimi* court "made an '*Erie* guess' when it allowed § 18.001 affidavits because the Texas Supreme Court had not yet addressed § 18.001." *Id.* (quoting *Rahimi*, 474 F. Supp. 2d at 827 n.2.) Thus, the court found that "[b]ecause the Texas Supreme Court has . . . held that § 18.001 is a procedural rule, the statute is inapplicable in federal court." *Id.*; *see also Islas*, 2020 WL 7683288, at *5 ("The Court agrees with the Government and with those cases finding that § 18.001 is procedural, as stated by the Texas Supreme Court, and thus not applicable in federal court."); *Parker*, 2020 WL 1669647, at *2 (reasoning that the Texas Supreme Court has "twice explicitly stated" that § 18.001 is procedural and holding that § 18.001 "is best classified as procedural"); *Akpan*, 2018 WL 398229, at *3 ("Plaintiff's reliance on § 18.001 is misplaced. The Texas Supreme Court has now held that § 18.001 is a procedural rule . . . [thus], the Federal Rules of Evidence, rather than § 18.001, govern."); *Holland*, 2016 WL 11605952, at *1 ("As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action.").

Accordingly, the court now joins "this emerging consensus" and holds that § 18.001 is procedural and inapplicable in federal court. *See, e.g.*, *Espinoza*, 2020 WL 4333558, at *5 ("This Court now joins this emerging consensus and holds that § 18.001 does not apply in federal court."). "Because federal law governs procedural matters, and § 18.001 is a procedural law, the procedures of § 18.001(b) are inapplicable in this diversity action." *Vidal*, 2021 WL 779076, at *3. Therefore, the Federal Rules of Evidence govern, and Duke's motion to strike is GRANTED. Dkt. 14.

### III. Conclusion

For the aforementioned reasons, Duke's motion to strike Escobar's § 18.001 affidavits is GRANTED. Dkt. 14.

Signed at Houston, Texas on April 8, 2021.

_____
Gray H. Miller
Senior United States District Judge